NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

GABRIEL MAIKA'I DELAPENIA
*Petitioner,*

v.

MERIT SYSTEMS PROTECTION BOARD,
*Respondent,*

and

DEPARTMENT OF THE NAVY,
*Intervenor.*

2010-3116

Petition for review of the Merit Systems Protection Board in case no. SF0752090980-I-1.

ON MOTION

ORDER

The Merit Systems Protection Board moves for leave to intervene for purposes of moving to reform the official caption to designate the Board as the respondent. The Department of Health and Human Services opposes and moves, in the alternative, for leave to intervene.

Pursuant to 5 U.S.C. § 7703(a)(2), the Board is designated as the respondent when the Board's decision concerns the procedure or jurisdiction of the Board. The employing agency is designated as the respondent when the Board reaches the merits of the underlying case.

Gabriel Maika'i Delapenia filed an appeal at the Board alleging that his resignation from employment was involuntary. The Administrative Judge (AJ) found that Delapenia had not made nonfrivolous allegations to support her claim that his resignation was involuntary. The AJ dismissed the appeal for lack of jurisdiction. Because the Board held that it did not have jurisdiction, it did not address the merits of his case. *See Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1341 (Fed. Cir. 2006) (en banc) ("In a constructive action case, the jurisdictional fact at issue is almost always whether the facially voluntary action was involuntary. Involuntariness is essential for jurisdiction and it must be proven by the claimant. But while jurisdiction is established under 5 U.S.C. § 7512, the merits of the case are determined by the agency's compliance with § 7513(a)-(b). In other words, the jurisdictional determination is not identical to the merits determination."). Thus, because the Board dismissed the appeal for lack of jurisdiction, the Board is the proper respondent.

Accordingly,

IT IS ORDERED THAT:

(1) The Board's motions are granted. The revised official caption is reflected above.

(2) The Department's motion for leave to intervene is granted.

(3) The Board and intervenor should calculate the due date for their briefs from the date of filing of this

order.  If the intervenor intends to rely on the brief it filed
as respondent, it should so notify the clerk.

FOR THE COURT

JUL 2 7 2010                          /s/ Jan Horbaly
Date                                 Jan Horbaly
                                     Clerk

cc:  Gabriel Maika'i Delapenia
     Kent C. Kiffner, Esq.
     Calvin M. Morrow, Esq. (Copy Of Petitioner's Infor
         mal Brief Enclosed)

s20

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUL 2 7 2010

JAN HORBALY
CLERK